The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ORIENT MARITIME LIMITED, a Bangladesh Corporation, <br>                    Plaintiff, <br><br>        vs. <br><br> SSA INTERNATIONAL, INC., a Washington corporation; STEVEDORING SERVICES OF AMERICA, INC. n/k/a SSA MARINE, INC., a Washington corporation; CARRIX, INC., a Washington corporation; FRS CAPITAL CORP., a Washington corporation; <br> JON F. HEMINGWAY, a citizen of Washington; ROBERT E. WATTERS, a citizen of Washington; DANIEL FLYNN, a citizen of Washington; CHARLIE SADOSKI, a citizen of Washington; ROBERT D. KAPLAN, a citizen of Washington; and BOGLE & GATES, P.L.L.C., a Washington limited liability company; and DOES 1 through 100, <br>                  Defendants, <br><br><br> ASHFAQUE RAHMAN, a citizen of Bangladesh, <br>          Additional Defendant on <br>                  Counterclaim | NO.  C05-1100 RSL <br><br> **ANSWER AND COUNTERCLAIM** |

*Answer and Counterclaims (C05-1100 RSL) - Page 1 of 27*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Defendants SSA International, Inc., Stevedoring Services of America, Inc., now known as SSA Marine, Inc., Carrix, Inc., FRS Capital Corp., Jon F. Hemingway, Robert E. Watters, Daniel Flynn, Charlie Sadoski, and Robert D. Kaplan (collectively "Defendants"), for their answer to the Complaint of Orient Maritime Limited, state as follows:

## PARTIES

1.      Answering paragraph 1 of plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

2.      Answering paragraph 2 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 2.

3.      Answering paragraph 3 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 3.

4.      Answering paragraph 4 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 4.

5.      Answering paragraph 5 of plaintiff's Complaint, Defendants admit that FRS Capital Corp. is a Washington corporation with its principal place of business in Seattle, Washington.  Defendants admit that FRS Capital Corp. is the parent company of Carrix, Inc. Defendants deny the remaining allegations contained in paragraph 5.

6.      Answering paragraph 6 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 6.

7.      Answering paragraph 7 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 7.

8.      Answering paragraph 8 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 8.

9.      Answering paragraph 9 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 9.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

10.     Answering paragraph 10 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 10.

11.     Answering paragraph 11 of plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

12.     Paragraph 12 does not contain any factual allegations against Defendants to which a response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and, therefore, deny the same.

13.     Answering paragraph 13 of plaintiff's Complaint, Defendants deny that it is appropriate to collectively refer to SSA International, Inc. ("SSA International"), SSA Marine, Inc. ("SSA Marine"), Carrix. Inc. ("Carrix"), and FRS Capital Corp. ("FRS Capital") collectively as SSA.  Although part of the same family of companies, each corporation is a separate legal entity.  Paragraph 13 contains no other allegations to which a response is required.

14.     Answering paragraph 14 of plaintiff's Complaint, Defendants admit that there were regular communications among the Defendants during the course of the project in Bangladesh, but deny these communications constituted a conspiracy.  Defendants deny any remaining allegations in paragraph 14.

15.     Answering paragraph 15 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 15.

## JURISDICTION AND VENUE

16.     Answering paragraph 16 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 16.

## COMMON FACTUAL ALLEGATIONS

17.     Answering the first sentence of paragraph 17 of plaintiff's Complaint, Defendants admit that OML and its managing director Ashfaque Rahman ("Rahman")

*Answer and Counterclaims (C05-1100 RSL) - Page 3 of 27*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

contacted SSA Marine, through its international development affiliate SSA International, in 1997 to discuss a possible port project in Bangladesh (the "Project").  Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of remaining allegations contained in this paragraph and, therefore, deny the same.

18.     Answering paragraph 18 of plaintiff's Complaint, Defendants admit the allegations contained in the first and second sentences of the paragraph.  The third sentence in paragraph 18 is not a factual allegation to which a response is required.

19.     Answering paragraph 19 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 19a.  Defendants consistently represented to OML and Rahman that, in keeping with standard business practices, participation in any venture in Bangladesh would be through an affiliated special purpose corporation that was yet to be formed.  Answering the allegations contained in paragraph 19b, Defendants admit that Rahman was informed that the investment in the joint venture with OML would be through an affiliated special purpose corporation, but deny that Rahman was told the affiliate was an "existing" entity.  In fact, Rahman and OML were specifically informed that the Netherlands affiliate had yet to be formed.  Answering the allegation contained in paragraph 19c, Defendants admit that it was agreed that Kaplan would coordinate preparation of the agreements for the joint venture based on forms and information provided by OML and Rahman, but deny the joint venture was to be between OML and SSA.  Defendants admit the agreements were prepared for review by the joint venture participants based on forms and information provided by Rahman and OML, and that Kaplan coordinated obtaining signatures on the documents.  Defendants deny the remaining allegations contained in paragraph 19.

20.     Answering paragraph 20 of plaintiff's Complaint, Defendants admit that OML and SSA-Netherlands, an entity in formation acting in accordance with Dutch and U.S. law, signed a Joint Venture Agreement with a view to establishing SSA-Bangladesh. Defendants admit that the Joint Venture Agreement was signed by Watters in his capacity as

*Answer and Counterclaims (C05-1100 RSL) - Page 4 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

managing director of SSA-Netherlands, an entity in formation acting in accordance with Dutch and U.S. law, which later ratified all actions taken by Watters in his capacity as managing director.

21.     Answering paragraph 21 of plaintiff's Complaint, Defendants admit that OML and SSA-Netherlands executed a shareholders agreement, which was one of multiple documents and communications that established the respective rights, duties and obligations in the new joint venture company, SSA-Bangladesh.  Defendants admit the allegation contained in the second sentence of paragraph 21.  Defendants admit that on December 4, 1997, OML and SSA-Netherlands executed a document title "Memorandum of Association of SSA-Bangladesh Limited," which was prepared by B&G, based on forms furnished by OML and Rahman, for review by the participants to the joint venture.  Defendants admit that these instruments were executed by Watters, among others, in his capacity as an authorized representative of SSA-Netherlands, an entity in formation acting in accordance with Dutch and U.S. law.  All actions taken by Watters on behalf of SSA-Netherlands were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.

22.     Answering paragraph 22 of plaintiff's Complaint, Defendants admit the allegations contained in paragraph 22.  Hemingway and Watters were acting in their representative capacities on behalf of SSA-Netherlands, an entity in formation acting in accordance with Dutch and U.S. law.  All actions taken by Hemingway and Watters on behalf of SSA-Netherlands were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.

23.     Answering paragraph 23 of plaintiff's Complaint, Defendants admit that Hemingway and Watters were nominated by SSA-Netherlands, an entity in formation acting in accordance with Dutch and U.S. law.  Defendants are without knowledge regarding the "various other documents" referred to in the first sentence paragraph 23 and, therefore, deny that allegation.  Defendants admit that certain documents refer to Hemingway as "businessman, president of Stevedoring Services of America, Inc. and SSA-Netherlands

*Answer and Counterclaims (C05-1100 RSL) - Page 5 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

B.V." and that certain documents refer to Watters as "businessman, managing director Asia Stevedoring Services of America, Inc. and SSA-Netherlands B.V."

24.    Answering paragraph 24 of plaintiff's Complaint, Defendants deny the allegation contained in the first sentence of paragraph 24.  Defendants admit that SSA-Netherlands was not incorporated until May 30, 2001, but was at all times prior to that date acting as an entity in formation in accordance with Dutch and U.S. law.  All actions taken on behalf of SSA-Netherlands were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.  Defendants deny the allegations contained in the third sentence of paragraph 24.

25.    Answering paragraph 25 of plaintiff's Complaint, Defendants are without knowledge or information regarding the allegations contained in the first sentence of paragraph 25 and, therefore, deny the same.  Defendants admit that in December 1997, OML was provided with an executive business plan, which was based in part on information provided by OML and was prepared with the assistance of OML.  Defendants admit that one of multiple purposes for the executive business plan was to seek approval for the Project from the Government of Bangladesh.  Defendants are without knowledge or information regarding the items referred to in the Complaint as "these documents" and, therefore, deny the allegations contained in the third sentence of paragraph 25 and any other remaining allegations contained in paragraph 25.

26.    Answering paragraph 26 of plaintiff's Complaint, Defendants admit on December 29, 1997, SSA-Bangladesh sent a letter to the Ministry of Shipping of Bangladesh to introduce SSA-Bangladesh, outline the concept of the proposed Project and request approval.  It was OML's and Rahman's responsibility to determine the necessary steps to obtain government approval and to guide the Project through the government approval process.  Defendants admit that SSA Marine and SSA International provided assistance and technical information in support of this effort.  Defendants also admit that certain proprietary financial materials were not included in the initial submission to the Government

*Answer and Counterclaims (C05-1100 RSL) - Page 6 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

of Bangladesh.  Rahman and OML were responsible for determining what information was necessary to submit to obtain government approvals.  Defendants deny the remaining allegations contained in  paragraph 26.

27.    Answering paragraph 27 of plaintiff's Complaint, Defendants admit that SSA-Bangladesh received a preliminary approval in principle from the Government of Bangladesh to build, own and operate private container facilities in Bangladesh.  However, this approval did not confer any property rights on SSA-Bangladesh or its joint venture partners, and only permitted SSA-Bangladesh to engage in further negotiations with the Government of Bangladesh and various government entities in an attempt to move the Project forward.  As an indication of the preliminary nature of this purported approval, the Government of Bangladesh later drastically altered the Project by changing SSA-Bangladesh's role from build, own *and operate* to build, own *and transfer*.  This change significantly affected the financial viability of the Project.

28.    Answering paragraph 28 of plaintiff's Complaint, Defendants admit that the preliminary approval in principle allowed SSA-Bangladesh to enter negotiations with the Government of Bangladesh for an implementation agreement; however, the terms of the agreement were never finalized and the agreement was never signed.  Defendants are without knowledge or information regarding the "various related contracts with third parties" referred to in paragraph 28 and, therefore, deny the remaining allegations contained in paragraph 28.

29.    Answering paragraph 29 of plaintiff's Complaint, Defendants admit the allegation contained in the first sentence of paragraph 29.  Defendants admit that the litigation resulted in decisions of the Supreme Court of Bangladesh that effectively stopped the approval process for the Project.  Defendants are without knowledge or information sufficient to form a response to the remaining allegations contained in paragraph 29 and, therefore, deny the same.

*Answer and Counterclaims (C05-1100 RSL) - Page 7 of 27*

30.     Answering paragraph 30 of plaintiff's Complaint, Defendants admit that although the issue was not raised in the Writ Petition, the issues described in the first sentence of paragraph 30 were eventually raised in the litigation.  Defendants admit that SSA-Netherlands was not formally incorporated until 2001, but deny that SSA-Netherlands was not a legally recognized entity.  In fact, SSA-Netherlands was a corporation in formation, acting in accordance with Dutch and U.S. law, and all actions taken by SSA-Netherlands during the formation period were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.  Defendants deny the remaining allegations contained in paragraph 30 of the Complaint.

31.     Answering paragraph 31of plaintiff's Complaint, Defendants admit that the High Court Division of the Supreme Court of Bangladesh issued a decision on November 26, 2002, that effectively stopped the approval process for the Project. Defendants are without knowledge or information sufficient to form a response to the allegations regarding the meaning, interpretation and impact of the Bangladesh court decision and, therefore, deny the allegations regarding the same.  Defendants deny the remaining allegations contained in paragraph 31.

32.     Answering paragraph 32 of plaintiff's Complaint, Defendants are without knowledge or information sufficient to form a response to the allegations contained in paragraph 32 and, therefore, deny the same.

33.     Answering paragraph 33 of plaintiff's Complaint, Defendants deny that SSA-Netherlands was a non-existent entity.  The company did existed until it was liquidated in December 2001.  Defendants are without knowledge or information sufficient to form a response to the remaining allegations contained in paragraph 33 and, therefore, deny the same.

34.     Answering paragraph 34 of plaintiff's Complaint, Defendants admit that SSA Marine demonstrated its support for the Project by writing to Government of Bangladesh officials.  Defendants deny the remaining allegations contained in the first

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

sentence of paragraph 34.  Defendants deny the allegations contained in the second sentence of paragraph 34.  Defendants admit that Hemingway wrote a letter on his company's letterhead in his capacity as president that stated: "We will provide to SSA-Bangladesh Ltd. our technical know-how as and when required including financing of the Project.  Our partnership with SSAB is through our offshore Company which is nothing but our investment vehicle and in business, it is a generally accepted norm that such vehicles change by merger or assignment."  Defendants deny any remaining allegations contained in paragraph 34.

35.     Answering paragraph 35 of plaintiff's Complaint, Defendants admit the allegation contained in the first and second sentences of paragraph 35.  Defendants deny the allegations contained in the third sentence of paragraph 35.  Defendants admit that Hemingway's letter stated that SSA had "taken the lead" on several aspects of the Project, including those contained in the bullet point list of paragraph 35.  Defendants admit this letter contained statements substantially similar to those contained in the fifth and sixth sentences of paragraph 35.

## FIRST CLAIM FOR RELIEF

## FRAUD

## (BY OML AGAINST ALL DEFENDANTS)

36.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

37.     Answering paragraph 37 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 37.  Rahman and OML were informed that SSA-Netherlands was an affiliate that was yet to be formed.  All actions taken by Hemingway, Watters, and SSA-Netherlands during the formation period were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.

38.     Answering paragraph 38 of plaintiff's Complaint, Defendants admit that SSA-Netherlands was to be one of the entities participating in the joint venture.  Defendants

*Answer and Counterclaims (C05-1100 RSL) - Page 9 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

are without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the remaining allegations in paragraph 38 and, therefore, deny the same.

39.     Answering paragraph 39 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 39.

40.     Answering paragraph 40 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 40.

41.     Answering paragraph 41 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 41.

42.     Answering paragraph 42 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 42.

43.     Answering paragraph 43 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 43.

44.     Answering paragraph 44 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 44.

45.     Answering paragraph 45 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 45.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION
## (BY OML AGAINST ALL DEFENDANTS)

46.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

47.     Answering paragraph 47 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 47. Rahman and OML were informed that SSA-Netherlands was yet to be formed.  All actions taken by Hemingway, Watters, and SSA-Netherlands during the formation period were later ratified by SSA-Netherlands in accordance with Dutch and U.S. law.

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

48.     Answering paragraph 48 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 48.

49.     Answering paragraph 49 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 49.

50.     Answering paragraph 50 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 50.

51.     Answering paragraph 51 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 51.

52.     Answering paragraph 52 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 52.

53.     Answering paragraph 53 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 53.

<u>THIRD CLAIM FOR RELIEF</u>

<u>REFORMATION OF CONTRACT</u>

<u>(BY OML AGAINST SSA)</u>

54.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

55.     Answering paragraph 55 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 55.

56.     Answering paragraph 56 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 56.

57.     Answering paragraph 57 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 57.

//
//
//
//

*Answer and Counterclaims (C05-1100 RSL) - Page 11 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

## FOURTH CLAIM FOR RELIEF
## BREACH OF CONTRACT
## (BY OML AGAINST SSA)

58.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

59.     Answering paragraph 59 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 59.

60.     Answering paragraph 60 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 60.

61.     Answering paragraph 61 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 61.

62.     Answering paragraph 62 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 62.

## FIFTH CLAIM FOR RELIEF
## BREACH OF IMPLIED CONTRACT
## (BY OML AGAINST SSA)

63.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

64.     Answering paragraph 64 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 64.

65.     Answering paragraph 65 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 65.

66.     Answering paragraph 66 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 66.

67.     Answering paragraph 67 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 67.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

68.     Answering paragraph 68 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 68.

## SIXTH CLAIM FOR RELIEF

## BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING

## (BY OML AGAINST SSA)

69.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

70.     Answering paragraph 70 of plaintiff's Complaint, Defendants admit the Joint Venture Agreement between OML and SSA-Netherlands contained language substantially similar to that quoted in the second sentence of paragraph 70.  Defendants deny the remaining allegations contained in paragraph 70.

71.     Answering paragraph 71 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 71.

72.     Answering paragraph 72 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 72.

## SEVENTH CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY

## (BY OML AGAINST SSA)

73.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

74.     Answering paragraph 74 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 74.

75.     Answering paragraph 75 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 75.

76.     Answering paragraph 76 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 76.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

77.     Answering paragraph 77 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 77.

78.     Answering paragraph 78 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 78.

79.     Answering paragraph 79 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 79.

## EIGHT CLAIM FOR RELIEF

## PRIMARY ESTOPPEL

## (BY OML AGAINST SSA)

80.     Defendants hereby repeat and reallege their responses to paragraphs 1–35 of the Complaint as though the same were set forth herein.

81.     Answering paragraph 81 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 81.

82.     Answering paragraph 82 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 82.

83.     Answering paragraph 83 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 83.

84.     Answering paragraph 84 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 84.

85.     Answering paragraph 85 of plaintiff's Complaint, Defendants deny the allegations contained in paragraph 85.

## AFFIRMATIVE DEFENSES

AND FOR FURTHER ANSWER and affirmative defenses, Defendants allege as follows:

1.     Plaintiff has failed to state a claim upon which relief can be granted;

2.     Plaintiff's claims are barred by the applicable statutes of limitation;

3.     Plaintiff's claims are barred by its lack of capacity to sue;

*Answer and Counterclaims (C05-1100 RSL) - Page 14 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

4.      Plaintiff's claims are barred because plaintiff's damages, if any, are the fault of a nonparty;

5.      Plaintiff's claims are barred by plaintiff's unclean hands;

6.      Plaintiff's claims are barred because plaintiff's damages, if any, are reduced by plaintiff's failure to mitigate its damages;

7.      Plaintiff's claims are barred because plaintiff's damages, if any, were caused by mutual mistake;

8.      Plaintiff's claims are barred by plaintiff's release of those claims;

9.      Plaintiff's claims are barred by estoppel, waiver, and laches;

10.     Plaintiff's claims are barred because the named individuals were acting within the scope of their agency;

11.     Plaintiff's claims are barred by res judicata and collateral estoppel;

12.     Plaintiff's claims are barred because plaintiff ratified the alleged actions or omissions of Defendants;

13.     Plaintiff's claims are barred because plaintiff's damages, if any, are offset by the Project expenses incurred by Defendants;

14.     Plaintiff's claims are barred because plaintiff's damages, if any, are offset by plaintiff's fraud, negligent misrepresentation, conversion and unjust enrichment;

15.     Plaintiff's claims are barred because Defendants' alleged acts or omissions relating to the corporate formation of SSA-Netherlands were in accordance with generally accepted customs of trade and business;

16.     Plaintiff's claims are barred because plaintiff's damages, if any, were caused by an intervening or superseding cause beyond the control of Defendants;

17.     Plaintiff's claims are barred because plaintiff's damages, if any, were caused by ultra vires actions of a foreign government; and

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

18.     Plaintiff's claims are barred because plaintiff's damages, if any, were caused by political, governmental, bureaucratic, and judicial acts of a foreign government beyond the control of Defendants.

## COUNTERCLAIM

AND FOR FURTHER ANSWER and counterclaim against plaintiff, Orient Maritime, Ltd., and against Ashfaque Rahman, additional defendant on the counterclaim; SSA International, Inc., SSA Marine, Inc. and Carrix, Inc. allege as follows:

## I.     JURISDICTION AND VENUE

1.     This court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1332.  Orient Maritime, Ltd. ("OML") is believed to be citizen of a Bangladesh.  Ashfaque Rahman ("Rahman") is named as an additional defendant on SSA Marine, Inc.'s counterclaims.  Rahman is believed to be a citizen of Bangladesh.  SSA International, Inc. ("SSA International") is a Washington corporation.  SSA Marine, Inc. ("SSA Marine") is a Washington corporation with its headquarters in Seattle, Washington. Carrix, Inc. ("Carrix") is a Washington Corporation with its headquarters in Seattle, Washington.  SSA International, SSA Marine and Carrix claim damages in excess of $75,000.00 against OML and Rahman.

2.     Venue is proper because OML has submitted to the jurisdiction and venue of this Court by filing its Complaint.  Rahman is an officer and director of OML, has transacted business in this venue, and has purposefully availed himself of the jurisdiction of this Court.

## II.     FACTUAL BACKGROUND

**A.     The History of SSA Marine.**

3.     In 1949, Fred R. Smith formed Bellingham Stevedoring Company, a cargo handling operation that would eventually become SSA Marine.  From this beginning, the

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

Smith and Hemingway families have built an international network of companies involved in shipping and transportation enterprises across the United States and around the world.

4.      The company began its expansion by increasing its operations up and down the West Coast, often through mergers and acquisitions.  As a result of these mergers and acquisitions, in 1984, the company originally founded by Fred R. Smith became Stevedoring Services of America, Inc.

5.      Over the next 20 years, Stevedoring Services of America expanded its services both nationally and internationally.  Through acquisitions, subsidiaries and joint ventures, Stevedoring Services of America has been involved in projects throughout the world, including, for example, Vietnam, New Zealand, Mexico, Chile, and Panama.

6.      In 2003, Stevedoring Services of America was renamed SSA Marine, Inc., to facilitate corporate brand recognition.  SSA Marine currently provides a full spectrum of transportation services, including terminal management, stevedoring, rail yard operations, technology system design and installation, equipment procurement, trucking, warehousing, and off-dock yard operations.  Jon Hemingway, the grandson of Fred R. Smith, is currently President and CEO of SSA Marine; its parent company, Carrix; and other affiliated companies.

**B.      Rahman Approached SSA Marine Regarding the Bangladesh Project and Claimed He Had the Necessary Expertise to Obtain Government Approval for the Project.**

7.      In 1997, Rahman approached SSA Marine, through its international development affiliate SSA International, about the possibility of pursuing a project to build modern port facilities in Bangladesh (the "Project"), including a new port near the existing Port of Chittagong.  Rahman represented himself as the Managing Director of OML.  All actions taken by Rahman were taken on behalf of himself individually and OML.

8.      Based on Rahman's description of the potential Project, Robert Watters of SSA International reviewed information provided by Rahman and OML and went to Bangladesh to view the potential Project site.

*Answer and Counterclaims (C05-1100 RSL) -*
*Page 17 of 27*

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

9.      In an effort to persuade SSA International and SSA Marine to participate in the Project, Rahman came to Seattle for various meetings in late 1997.  During these meetings, Rahman made various representations to SSA International and SSA Marine, including, but not limited to, the following: that he had the necessary political connections to obtain the necessary government approvals for the Project; that he had the expertise to follow proper government procedures to obtain the necessary government approvals for the Project; and that he had the personal financial resources necessary to provide 50 percent of the funds required to bring the Project to completion (which would require Rahman and OML to contribute tens of millions of dollars).  To support his claims regarding his financial resources, Rahman and OML represented that they had access to significant sums of money through other family businesses, including a pharmaceutical company and a bank.  Rahman also represented that OML was involved in numerous areas of shipping-related business and had the experience to contribute expertise and value to the Project.  Rahman repeated these representations throughout the life of the Project.

10.      Rahman also provided information regarding the operations of the existing Port of Chittagong and the fees, charges and tariffs, both legal and illegal, imposed by that port.  This information was necessary to allow SSA International and SSA Marine to assess the financial viability of the Project.

11.      Based on these and other representations by Rahman, SSA International and SSA Marine decided to invest in the Project as proposed by Rahman.

**C.      OML and Rahman Were Informed that the Investment Would Be Through an Affiliate Yet to Be Formed.**

12.      As is typical for international projects, SSA International and SSA Marine decided to participate in the Project through a special purpose corporation that had not yet been formed, and OML and Rahman were specifically informed of this decision.

13.      The parties decided to structure their participation in the Project as a joint venture, with OML and the yet-to-be-formed affiliate of SSA International and SSA Marine

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

each owning 50 percent of a proposed joint venture company, which was later named SSA Bangladesh Limited ("SSA-Bangladesh").

14.     In addition to making equal financial contributions to the Project, the parties decided that OML and Rahman would contribute their knowledge of Bangladesh law, Bangladesh government procedures, and Bangladesh shipping practices.  OML and Rahman would also contribute their knowledge of and insight into the political process in Bangladesh.  OML and Rahman claimed that their knowledge, expertise, political connections, and stature would allow them to obtain the necessary approvals for the Project. The affiliate that was yet to be formed, with assistance as needed from SSA International and SSA Marine, was to provide technical know-how for all aspects of the port generally, including construction and operation, and experience working with international lenders.

15.     At the time the initial documents related to the joint venture were signed in December 1997, SSA International and SSA Marine anticipated that the joint venture would be through a Netherlands affiliate that was yet to be formed.  A Netherlands affiliate was chosen for various business reasons.

16.     As is customary in both the United States and the Netherlands, actions were taken by and on behalf SSA-Netherlands, B.V., while it was in formation.  Jon Hemingway, who was the president of SSA-Netherlands, and Watters, who was the managing director of SSA-Netherlands, were both authorized to act on behalf of SSA-Netherlands during the formation period.   During SSA-Netherlands' formation period, SSA International and SSA Marine lent support and expertise to the Project to support SSA-Netherlands' participation in the Project.

17.     SSA International, SSA Marine, and Carrix provided financial support for the Project, with the intent to use standard accounting procedures to recharacterize those payments at a later date after the formation of SSA-Netherlands was complete.  Before that time arrived, SSA International and SSA Marine decided, for various reasons, that it would

*Answer and Counterclaims (C05-1100 RSL) -*
*Page 19 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

be more advantageous to participate in the Bangladesh joint venture using an affiliated Cayman Islands special purpose corporation.

18.     Watters informed Rahman and OML that participation in the Project would be through a Cayman Islands affiliate instead of a Netherlands affiliate.  Rahman and OML agreed to this change and assured Watters that it would in no way negatively impact the Project.  Rahman specified for Watters the information that was necessary to change the corporate designation in Bangladesh, and Rahman prepared the documentation he claimed was necessary to make this change.

19.     SSA-Netherlands was incorporated on May 31, 2001, in accordance with Dutch law.  After incorporation, SSA-Netherlands ratified all actions taken on its behalf during its formation period.  In June 2001, the assets of SSA-Netherlands were distributed to SSA Holdings International-Bangladesh, Inc., a Cayman Islands corporation.  In December 2001, SSA-Netherlands, which no longer held any assets, was liquidated.

**D.     Counterclaimants Supported Their Affiliate By Providing Funding and Technical Knowledge to the Project.**

20.     To begin the Project, Rahman and OML requested from SSA International and SSA Marine certain technical information that Rahman claimed would be used to obtain proper government approvals for the Project.  Working under Rahman's and OML's direction and relying on their purported expertise in Bangladeshi matters, SSA International and SSA Marine compiled information for SSA-Bangladesh to submit to the Ministry of Shipping of Bangladesh.  Despite their awareness that SSA-Netherlands had not yet been formed, Rahman and OML insisted that the Bangladeshi company be formed as quickly as possible.  SSA International and SSA Marine relied on the knowledge, expertise and representations of Rahman and OML related to Bangladeshi matters, including their insistence that the Bangladeshi corporation be formed quickly.

21.     Rahman and OML represented to SSA International and SSA Marine that the approval process would take a few months, and that the Project could break ground within a

*Answer and Counterclaims (C05-1100 RSL) - Page 20 of 27*

year.  In fact, the attempt to obtain government approval began in 1997 and continued into 2003, with no end in sight, when Bangladesh court rulings effectively halted the approval process for the Project.  For example, after more than five years of negotiations, the Government of Bangladesh had not agreed to the terms of an implementation agreement with the Government of Bangladesh, which was necessary for the Project to move forward.

22.    Rahman and OML were responsible for and directed the efforts to obtain the necessary government approvals for the Project.  Rahman and OML continually assured Watters, SSA International, and SSA Marine that Rahman and OML were following the correct procedures and would obtain the necessary approvals for the Project.

23.    As the Project proceeded, Rahman regularly requested money from SSA International and SSA Marine, which he claimed would be used for legitimate purposes on behalf of the Project.  SSA International, SSA Marine, and Carrix, acting in support of SSA-Netherlands, delivered amounts totaling more than $2.8 million, at the request of OML and Rahman, for Project expenses OML and Rahman claimed to have incurred, or claimed they were about to incur.  SSA International, SSA Marine, and Carrix, acting in support of SSA-Netherlands, also directly spent more than $11.5 million on Project-related expenses, including hiring outside contractors to provide environmental assessments, hydrological analysis, and engineering services.  Rahman and OML continued to represent to SSA International and SSA Marine that they would obtain the necessary approvals for the Project.

24.    As the Project progressed, SSA International and SSA Marine became concerned about growing opposition to the Project by the Mayor of Chittagong and the Chittagong Port Authority.  OML and Rahman assured SSA International and SSA Marine that they would handle any opposition by the Mayor of Chittagong and the Chittagong Port Authority, and that such opposition would not present an obstacle to the Project going forward.  SSA International, SSA Marine, and Carrix relied on OML's and Rahman's

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

representations and purported expertise in matters involving Bangladesh government and politics and continued to contribute money to the Project.

**E.    A Lawsuit Ultimately Halted the Approval Process for the Project.**

25.    In 2000, a lawsuit was filed in Bangladesh against the Government of Bangladesh by individuals associated with the Chittagong Port Authority.  The lawsuit claimed that the government's approval of the Project was improper.  Among other things, the lawsuit alleged that the Project was within the jurisdiction of the Chittagong Port Authority and required the Chittagong Port Authority's approval, and that the Project should have been subject to a competitive bidding process.

26.    In November 2002, the High Court Division of the Supreme Court of Bangladesh determined that the Government of Bangladesh acted without lawful authority for numerous reasons, including the failure to follow proper procedures to obtain government approvals as described above.  This decision effectively stopped the approval process for the Project.

27.    It was OML's and Rahman's responsibility to determine the correct procedures to obtain government approvals and to follow those procedures.  When the decision was issued in November 2002, SSA International, SSA Marine, and Carrix learned, for the first time, that Rahman and OML had failed to follow the proper procedures to obtain government approval for the Project.

**F.    Counterclaimants Were Deceived By OML and Rahman.**

28.    Throughout the duration of the Project, OML and Rahman misrepresented their expertise, knowledge of the proper government approval procedures, and ability to obtain government approval for the Project.

29.    Throughout the duration of the Project, OML and Rahman misrepresented the time it would take to obtain final government approval of the Project.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

30.     Throughout the duration of the Project, OML and Rahman misrepresented their financial assets and their ability to contribute 50 percent of the funding necessary to complete the Project.

31.     Throughout the duration of the Project, OML and Rahman misrepresented their business expertise and misrepresented their knowledge regarding operations at the existing Port of Chittagong.

32.     Throughout the duration of the Project, OML and Rahman misrepresented the seriousness of the threat posed by the Mayor of Chittagong's and the Chittagong Port Authority's opposition to the Project.

33.     SSA International and SSA Marine relied on these false representations by OML and Rahman when they decided to participate in the Project through an affiliated special purpose corporation and when they continued to support the Project through the affiliate until the Supreme Court of Bangladesh effectively stopped the approval process for the Project.

34.     Throughout the duration of the Project, OML and Rahman misrepresented the expenses they claimed to have incurred on behalf of the Project.

35.     Throughout the duration of the Project, OML and Rahman misrepresented how they used the funds provided by SSA International, SSA Marine, and Carrix to OML and Rahman.

36.     SSA International, SSA Marine, and Carrix relied on these false representations by OML and Rahman when they continued to have funds wired to OML for expenses purportedly related to the Project, and when they continued to expend their own funds in support of the Project under the incorrect belief the OML and Rahman were making similar contributions.

37.     At the time of the Supreme Court of Bangladesh decision, SSA International, SSA Marine, and Carrix each suffered financial injury in connection with the funds they had expended in support of the Project.

*Answer and Counterclaims (C05-1100 RSL) - Page 23 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

### III.   COUNTERCLAIMS

### FIRST COUNTERCLAIM

### FRAUD

38.     SSA International, SSA Marine, and Carrix repeat and reallege the allegations contained in Paragraphs 1–37 of the Answer and Counterclaims.

39.     As described herein, OML and Rahman made representations of existing facts to Counterclaimants.

40.     These representations by OML and Rahman related to material facts.

41.     These representations by OML and Rahman were false.

42.     OML and Rahman knew these representations were false.

43.     OML and Rahman intended that SSA International, SSA Marine, and Carrix would take actions based on these false representations.

44.     SSA International, SSA Marine, and Carrix were ignorant of the falsity of these representations.

45.     SSA International, SSA Marine, and Carrix relied on the purported truth of these false representations.

46.     SSA International, SSA Marine, and Carrix had a right to rely on the purported truth of these false representations.

47.     SSA International, SSA Marine, and Carrix have been damaged by its reliance on these false representations in an amount to be proven at trial.

### SECOND COUNTERCLAIM

### NEGLIGENT MISREPRESENTATION

48.     SSA International, SSA Marine, and Carrix repeat and reallege the allegations contained in Paragraphs 1–47 of the Answer and Counterclaims.

49.     As described herein, OML and Rahman made representations to Counterclaimants of existing facts.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

50.     These representations were false, and OML and Rahman knew or should have known them to be false at the time they made them.

51.     SSA International, SSA Marine, and Carrix were ignorant of the falsity of the representations and believed them to be true.

52.     SSA International, SSA Marine, and Carrix relied on the representations and were induced to participate in the Project through an affiliated special purpose corporation.

53.     OML and Rahman made the representations for the express purpose of inducing SSA International, SSA Marine, and Carrix to participate in the Project.

54.     SSA International, SSA Marine, and Carrix have been damaged by these misrepresentations in an amount to be proven at trial.

## THIRD COUNTERCLAIM

## CONVERSION

55.     SSA International, SSA Marine, and Carrix repeat and reallege the allegations contained in Paragraphs 1–54. of the Answer and Counterclaims.

56.     As described herein, OML and Rahman have converted assets of SSA International, SSA Marine, and Carrix without legal justification.

57.     SSA International, SSA Marine, and Carrix have been damaged by this conversion in an amount to be proven at trial.

## FOURTH COUNTERCLAIM

## UNJUST ENRICHMENT

58.     SSA International, SSA Marine, and Carrix repeat and reallege the allegations contained in Paragraphs 1–57 of the Answer and Counterclaims.

59.     As described herein, OML and Rahman have been unjustly enriched by wrongfully appropriating money from SSA International, SSA Marine, and Carrix.

60.     SSA International, SSA Marine, and Carrix have been damaged by this unjust enrichment in an amount to be proven at trial.

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

## IV.     PRAYER FOR RELIEF

WHEREFORE, having fully answered plaintiff's Complaint, Defendants pray for relief as follows:

1.     That plaintiff's Complaint be dismissed with prejudice;

2.     That SSA International, SSA Marine, and Carrix be awarded judgment on their counterclaims against OML and Rahman;

3.     That SSA International, SSA Marine, and Carrix be awarded damages in amounts to be proven at trial;

4.     That Defendants be awarded reasonable attorneys' fees, costs and disbursements herein;

5.     That Defendants be awarded prejudgment interest on the damages proven at trial; and

6.     That Defendants be awarded such other and further relief as the court deems just and equitable.

DATED this 31st day of August, 2005.

HILLIS CLARK MARTIN & PETERSON, P.S.

By   s/ Louis D. Peterson
_____
Louis D. Peterson, WSBA #5776
Mary E. Crego, WSBA #31593
500 Galland Building
1221 Second Avenue
Seattle WA 98101-2925
Telephone:  (206) 623-1745
Facsimile:  (206) 623-7789
Email:  ldp@hcmp.com; mec@hcmp.com
Attorneys for Defendants
SSA International, Inc., Stevedoring Services of America, Inc. n/k/a SSA Marine, Inc., Carrix, Inc., FRS Capital Corp., Jon F. Hemingway, Robert E. Watters, Daniel Flynn, Charlie Sadoski, and Robert D. Kaplan

#309552  18600-002  6m%_06!.doc  8/31/05

*Answer and Counterclaims (C05-1100 RSL) -*
*Page 26 of 27*

HILLIS CLARK MARTIN & PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789

**CERTIFICATE OF SERVICE**

I hereby certify that on **31st** day of **August, 2005**, I electronically filed this Answer and Counterclaims with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marcus B. Nash                          Andrew A. Guy
Scott D. Fletcher                       Stoel Rives LLP
Danford D. Grant                        600 University Street, Suite 3600
Stafford Frey Cooper                    Seattle, WA  98101-3197
601 Union Street, Suite 3100
Seattle WA 98101-1374

I hereby also certify that I caused a copy of the document to be emailed to the following non CM/ECF participants:

Robert C. O'Brien
Roy Z. Silva
David G. Bayles
O'Brien Zarian, LLP
445 S. Figueroa Street, Suite 3750
Los Angeles, CA  90071

DATED this **31**st day of **August, 2005** at Seattle, Washington.

By  s/ Louis D. Peterson
Louis D. Peterson, WSBA #5776

HILLIS CLARK MARTIN &
PETERSON, P.S.

500 Galland Building, 1221 Second Ave
Seattle WA 98101-2925
206.623.1745; fax 206.623.7789