UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ORIENT MARITIME LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>SSA INTERNATIONAL, INC., *et al*.,<br><br>    Defendants. | Case No. C05-1100L<br><br>ORDER DENYING MOTION TO DISMISS THIRD AND FOURTH COUNTERCLAIMS |

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to dismiss defendants' third and fourth counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 18-1). For the reasons set forth in this Order, the Court DENIES plaintiff's motion.[1]

## II. FACTS

This action arises out of a joint venture to develop and construct port facilities in Bangladesh (the "Project"). The parties to the joint venture included plaintiff Orient Maritime, Ltd. ("OML") and defendants SSA International, Inc., SSA Marine, Inc., and Carrix, Inc.

---

[1] The Court finds that this matter can be decided on the memoranda submitted by the parties. Plaintiff's request for oral argument is DENIED.

ORDER DENYING MOTION
TO DISMISS THIRD AND FOURTH
COUNTERCLAIMS - 1

(collectively "defendants"). OML filed suit to recover damages from the failure of the Project. Defendants asserted four counterclaims: fraud, negligent misrepresentation, conversion, and unjust enrichment. (Dkt. # 12). As only the third and fourth counterclaims are at issue in this order, the first two will not be addressed.

Defendants allege that during the course of the joint venture, OML made a series of misrepresentations to induce investments from defendants to the Project. (Dkt. # 12). Specifically, defendants claim that OML requested over $2.8 million for Project expenses. Defendants claim that OML misrepresented both the expenses and how the funds would be used. Defendants claim that as a direct result of these misrepresentations, OML converted funds from defendants and was unjustly enriched thereby. (Dkt. #26-1).

OML argues that defendants have failed to allege facts sufficient to support either claim for relief. OML therefore moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). In response, defendants argue the motion should be denied because they have pled in accordance with the liberal notice pleading requirements of Fed. R. Civ. P. 8(a).

## III. DISCUSSION

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is one of very limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled, on other grounds, by Davis v. Scherer, 468 U.S. 183 (1984)). For the purposes of a 12(b)(6) motion, a complaint is construed in the light most favorable to the pleader, its allegations are taken as true, and all reasonable inferences that can be drawn from the pleadings are drawn in favor of the pleader. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). A motion to dismiss will be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514, citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In short, a 12(b)(6) motion should only be granted where there is simply no possible basis for the claim.

ORDER DENYING MOTION
TO DISMISS THIRD AND FOURTH
COUNTERCLAIMS - 2

Defendants have outlined a factual scenario which, if supported by evidence uncovered during discovery, would entitle defendants to relief on their claims of conversion and unjust enrichment.  See Swierkiewicz, 534 U.S. at 512 ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.").  Defendants have pled that they wired specific funds to OML for use in the Project and that they wired these funds as a direct result of OML's misrepresentations.  Defendants have further alleged that OML either invested these funds in the Project as its own, or that the money was used for other unauthorized purposes.  Dkt. # 12 at ¶¶ 23, 34-36.  Defendants have provided a short and plain statement of their claims in compliance with Fed. R. Civ. P. 8(a).  See Conley v. Gibson, 355 U.S. 41, 47 (1957) (the purpose of liberal pleading under Rule 8 is to give fair notice of what the claim is and the grounds upon which it rests).  It also appears that discovery may reveal a set of facts consistent with the allegations of the counterclaims that would entitle defendants to relief.  In such circumstances, dismissal under Rule 12(b)(6) is unwarranted.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES plaintiff's motion to dismiss defendants' third and fourth counterclaims.

DATED this 14th day of, December 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge